27  541
44a 123
27  541
74a 337

GILLETT, Appellant, v. CAMP & WIFE, Respondent.

1. At law there will be no implication of a promise on the part of a step-daughter to pay her step-father for necessaries furnished by the latter during the minority of the former.

### Appeal from Warren Circuit Coart.

This was an action by Philo Gillett against Beverly Camp and Elvira Camp, his wife, to recover compensation for money paid and expenses incurred by him in the education and maintenance, before her marriage, of the defendant Mrs. Camp. At the close of the evidence, the court at the instance of the defendants gave the following instructions: " 1. If the jury believe that the plaintiff intermarried with the mother of Elvira Camp, and that she, being of tender years, was taken into the family of plaintiff and remained a member thereof from the time of said marriage up to the death of her mother in 1847, and that the plaintiff during said marriage maintained and supported the said Elvira, the law will not imply a promise on the part of the said Elvira or her husband to pay for said maintenance, and the plaintiff can not recover for such maintenance unless an express promise of payment has been proved to pay the same. 2. If the jury find that, after the death of the mother of the said Elvira Camp, the plaintiff was appointed guardian of the said Elvira in the territory of Wisconsin, where the said Elvira resided, and that he so continued to act as her guardian by

35—VOL. XXVII.

virtue of his appointment aforesaid, and while as such guardian he expended money for the necessary support, maintenance and education of said Elvira, these expenditures can not be taken into consideration by the jury, nor can they give a verdict therefor unless the jury find that the said Elvira or her husband have undertaken and agreed to pay the same; these expenditures as between guardian and ward not creating a personal obligation on the part of the ward, and being alone chargeable against any funds coming into his hands belonging to said ward."

The plaintiff took a nonsuit with leave, &c.

*S. T. & A. D. Glover*, for appellant.

I. The court erred in giving the instructions asked by defendants. (3 Edw. Ch. 40; 9 Ala. 615; 2 Kent, 190; 2 Ashm. 332; 1 Kelly, 475; 1 Taml. 72.)

*Wells*, for respondents.

I. The law will not imply a promise to pay the step-child for his services; nor will it imply a promise on the part of the child to pay for board, schooling, &c., when the child remains a member of the family of the step-father. (See 22 Mo. 439.)

SCOTT, Judge, delivered the opinion of the court.

This is a suit by a step-father for the expenses incurred in supporting and educating his wife's child by a former husband. The old notion in England was, that, inasmuch as the widowed mother was bound to support her minor children, a man by marrying her assumed that with all her other obligations, and made himself liable for the support of her children by a former husband. There was no hardship in this, as at common law by the marriage all the wife's goods became the property of her husband and he was entitled to all her earnings. Afterwards, the case of Tubb v. Harrison, 4 Term R. 118, determined that the step-father was not bound for the support and maintenance of his wife's children

by a former husband. If he adopted them into his family and treated them as his children, he would be bound for necessaries furnished them. By a late statute in England (4 & 5 Will. IV) it is enacted that every man who shall marry a woman having a child or children at the time of such marriage, whether legitimate or illegitimate, shall be liable to maintain such child or children as part of his family, until they respectively attain the age of sixteen, or until the death of the mother of such child or children.

This is no case in which the question arises as to the circumstances under which a court would order the child's income to be applied to its support, nor is it an application to appropriate a portion of a child's estate to its support. There is here no fund under the control of any court to be applied in its discretion to the maintenance of infants, but this is an action at law in which the plaintiff must stand upon his legal rights. The doctrine of the courts of equity, in making appropriations in favor of the parents for the support of minor children when they have such an estate as will sanction such a proceeding, has nothing to do with this case. That such allowances are made gives no countenance to this action. Every one must see the danger to which the estates of minor children must be exposed, if step-fathers were permitted to recover from them, after they attain their majority, any account which they might make out against them for maintenance and support during their minority without the sanction of any court. He would make himself the judge of what is necessary, and without regard to the minor's estate would run it in debt to an amount exceeding its value, and then would make the husband of a female minor liable for necessaries furnished her during infancy. So far as we can learn, the utmost length to which courts of law have gone in upholding claims of step-fathers against minor children by a former husband is to declare that if the second husband maintains such children, it is a good consideration for a promise by them when they come of age to repay the expense of their maintenance, especially when the second husband

was a man of small substance and the children had a competent provision to receive when they came of age, which was to accumulate for them in the mean time, and he made no application to chancery for an allowance out of the fund, as he might have done. (Cooper v. Martin, 4 East, 76.)

The fact that the plaintiff stood in the nominal relation of guardian to the wife of the defendant Camp can not better his condition. His accounts as guardian should be settled in the proper court; and if nothing belonging to the ward has ever come to his hands as guardian, out of which he can retain enough for his indemnity, his claim does not thereby become the foundation of an action at law, for it was his wrong and folly to be contracting debts on account of his ward when he knew there was nothing in his hands to satisfy them. If the estate of the ward was in the hands of a curator distinct from the guardian of the person, then the application for allowances should have been made to the court having the control of the curator.

Judge Napton concurring, the judgment will be affirmed. Judge Richardson not sitting, having been of counsel.