## George W. Boardman *vs.* Jonathan P. Silver.

In defence of an action on an account for boarding the defendant's wife and taking care of her in sickness, it is competent for him to show that during the time covered by the account a benevolent society contributed clothing and groceries for her support which were appropriated by the plaintiff to his own use.

CONTRACT on an account for boarding the defendant's wife and taking care of her in sickness. The answer alleged, among other defences, that the wife was supported in part by a benevolent society during the time covered by the account, and that her services to the plaintiff during that time were worth as much as the cost of her board. Trial in the superior court before *Morton*, J., who allowed the following bill of exceptions:

The plaintiff introduced the deposition of the defendant's wife, in which she replied, to a cross-interrogatory of the defendant's counsel, that during the time she boarded in the plaintiff's family she did not receive any clothing from anybody else than the plaintiff. The defendant offered testimony to prove that a benevolent society contributed to her support by furnishing articles of clothing and groceries, all of which groceries and a part of the clothing were appropriated by the plaintiff and used in his family. The plaintiff, stating he had not declared, and did not claim anything in the action, for clothing, objected to the testimony. The judge overruled the objection; the verdict was for the defendant; and the plaintiff alleged exceptions.

*J. P. Jones*, for the plaintiff.

*H. N. Merrill*, for the defendant.

WELLS, J. The testimony to which the plaintiff objects was admitted to show that the support of the defendant's wife was provided for, in part, by others than the plaintiff. It is immaterial in what form such provision was made. If it was in fact furnished, and applied to that purpose, whether directly, or by being accepted or appropriated by the plaintiff, it serves to reduce, *pro tanto*, the expense incurred by him for the support of the person for whose use it was so furnished. The plaintiff's claim upon the defendant is only for so much as he has himself

fairly expended or furnished for the support of the wife, over and above her services and all other means of defraying those expenses which have come into his hands. The law implies no promise and imposes no obligation beyond that. For the purpose of ascertaining what amount was thus fairly due to the plaintiff, the testimony was rightly admitted.

*Exceptions overruled.*