## AZUBA SPRING *vs.* JOSIAH HULETT.

Upon an issue whether a niece owes her uncle for board and lodging furnished to her during time she lived in his family, evidence that she rendered services to him during that time is admissible.

In an action by an uncle against his niece, for board and lodging furnished to her and her infant ward, and for articles furnished to her while in his family, he requested the judge to rule that the law would imply a promise to pay for what was furnished; but the judge refused, and instructed the jury that her stay in the family and the receipt of the articles would, between strangers, considered of themselves, imply such a promise, but would not have that force in view of the relation of the parties and the circumstances attending her stay and the receipt of the articles, which should be considered by the jury in determining the understanding between the parties. *Held*, that the plaintiff had no ground of exception.

CONTRACT on a promissory note and for work and labor. The defendant filed a declaration in set-off containing a count on an account annexed for board and lodging furnished to the plaintiff and Edward Spring, her infant ward, and for wool, a " goods box," and eighteen dollars in cash furnished by the defendant to the plaintiff. The answer to the declaration in set-off was a general denial.

At the trial in the superior court, before *Brigham*, C. J., it appeared that the plaintiff with her ward was at the house of the defendant, who was her uncle, at the time alleged in the declaration in set-off. The plaintiff offered evidence that she and her ward rendered services for the defendant while in his family, which she expected would pay for whatever she had of him while there. The defendant objected that the evidence was not admissible under the answer to the declaration in set-off, but the judge admitted it.

The defendant requested the judge to instruct the jury that " if the plaintiff and her ward were in the defendant's family during the time alleged in the declaration in set-off, or had the articles charged in said declaration, the law would imply a promise to pay therefor." But the judge declined so to instruct the jury, and instructed them that " the plaintiff's stay in the defendant's family, and the receipt of the articles charged, would, between strangers, considered in and of themselves, imply such a promise, but would not have that force in view of

the relations and kinship of the parties, and the circumstances attending the plaintiff's stay and the receipt of the articles, which circumstances should be considered by the jury in determining the understanding between the parties at the time."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. J. Fargo,* for the defendant.

*M. Wilcox,* for the plaintiff.

WELLS, J.  1. Evidence that the plaintiff and her ward rendered services to the defendant, while living at his house, was admissible upon the question. of the value, or the reasonable amount of compensation to be allowed for their board, if any; and also upon the question whether there was any understanding or implication of a promise that payment should be made for it.  *Boardman* v. *Silver,* 100 Mass. 330.

2. The law implies a promise to pay for the reasonable value of benefits received, only when there is no evidence that they were conferred upon other grounds than that of contract. When the relations between the parties are such as to warrant the inference that the benefit was bestowed gratuitously, by way of hospitality, or by reason of any obligation, either legal or moral, it becomes a question of fact, to be submitted to the jury, to determine whether it was in reality gratuitous, or upon the basis of contract.  So also when there is evidence of corresponding benefits or services rendered by the other party, in connection or at the same time with those for which the suit is brought; such evidence requires that the inference to be drawn shall be determined by the jury, as one of mere fact.  In all such cases it would be improper to instruct the jury that the law implies a promise to pay for benefits so received.

The instruction asked for, in this case, was rightly refused; and the case was submitted to the jury, with such explanation of the denial as would allow them to infer a promise by the plaintiff to pay for the board and other articles charged, if they thought that to be the reasonable interpretation of the facts proved.  We do not think the jury could have misunderstood the instructions to mean that such an inference would not be warranted by the evidence in the case.  *Exceptions overruled.*