## CALEB A. THURSTON *vs.* HELEN A. PERRY.

Middlesex.    January 12. — 13, 1881.    COLT & AMES, JJ., absent.

In an action by an aunt against her nephew, for board and lodging furnished to him, after he became of age, while in her family, the judge declined to rule, as requested by her, that there was no presumption that she should furnish board and lodging to the defendant gratuitously, and that the burden was on him to show, either that she had made a gift to him of, or that he had paid her for, them; and instructed the jury, "that if nothing more was shown in any case, except the naked fact of the rendering and acceptance of valuable services, like those claimed in this case, there would arise a presumption of an implied contract to pay for them; that when all the circumstances were disclosed under which such services were rendered and accepted, such presumption might be either strengthened or repelled; that in the case of persons living together in the same family, as these persons were, there were a variety of circumstances to be considered and weighed in determining the implication that should arise as to whether the services were gratuitous or otherwise; and that the general burden was on the party setting up a contract, express or implied, to satisfy the jury of it, taking the whole evidence and presumption together." *Held*, that the plaintiff had no ground of exception.

CONTRACT, against the executrix of the will of Caleb Thurston, to recover a legacy of $1000. Writ dated July 29, 1879. The defendant filed a declaration in set-off for board and lodging furnished the plaintiff from October 1, 1875, to April 1.

1878, at $5 a week. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

Caleb Thurston, the grandfather of the plaintiff and the father of the defendant, died on September 22, 1875, leaving a will by which the legacy sued for was payable on April 26, 1879, on the plaintiff arriving at the age of twenty-five years, and making the defendant residuary legatee and executrix.

The plaintiff lived with the testator from the time he was three years old until he was in his twenty-second year, when the testator died. On his death, the house in which the plaintiff had lived became the property of the defendant, and the plaintiff continued to live there until April 1, 1878.

The defendant testified that it was always her intention to charge the plaintiff for board, and that she looked to the legacy to reimburse her. It also appeared that the defendant sent a bill for board prior to the date of the writ in this case.

Upon these facts, and other evidence not stated, the defendant asked the judge to instruct the jury as follows: "1. From the evidence, there is nothing to show that any family relation existed, or that there can be any presumption that the defendant should furnish board for the plaintiff gratuitously. 2. The burden is on the plaintiff to show either that the defendant had made a gift to him of, or that he had paid her for, the board furnished him."

The judge declined so to rule, and instructed the jury, "that, if nothing more was shown in any case, except the naked fact of the rendering and acceptance of valuable services, like those claimed in the set-off, there would arise a presumption of an implied contract to pay for them; that when all the circumstances were disclosed under which such services were rendered and accepted, such presumption might be either strengthened or repelled; that in the case of persons living together in the same family, as these persons were, there were a variety of circumstances to be considered and weighed in determining the implication that should arise as to whether the services were gratuitous or otherwise; and that the general burden was on the party setting up a contract, express or implied, to satisfy

the jury of it, taking the whole evidence and presumption to gether."

The jury returned a verdict for the plaintiff, and disallowed the claim in set-off; and the defendant alleged exceptions.

*C. T. Gallagher*, for the defendant.

*H. H. Mather*, for the plaintiff.

BY THE COURT. The instructions requested, so far as the defendant was entitled to them, were covered by the instructions given. *Spring* v. *Hulett*, 104 Mass. 591.

*Exceptions overruled.*

---

## MEMORANDUM.

ON the fifteenth day of January 1881, the Honorable Seth Ames resigned the office of justice of this court, which he had held since the nineteenth day of January 1869; and on the fifteenth day of August 1881 he died at his residence in Brook line.