MARTHA A. GODFREY, administratrix of the estate of NAHUM GODFREY, *vs.* EDWARD F. HAYNES.

Penobscot. Opinion August 2, 1882.

*Practice. Contract. Presumption.*

The court is not required to give its instructions in words selected by the excepting counsel. It is enough if they are correct as applied to the circumstances of the case.

The presiding justice instructed the jury that, — "Whenever one person furnishes anything valuable to another, not being under legal obligation to

do so, generally the presumption or implication is that the thing furnished is to be paid for;" but this ordinary presumption may be "strengthened by the accompanying circumstances or weakened by them, or may be completely overpowered and rebutted by them." *Held,* That the instruction was in strict conformity with the law.

## ON EXCEPTIONS.

Assumpsit upon an account annexed, for the board of the defendant and defendant's wife.

At the trial, the plaintiff contended that, if it was established that the defendant and wife were living continuously in the family of Godfrey for a period of time covering a winter season, at least six months, without rendering any services therefor, the defendant's business being independent of any business of Godfrey's, the presumption would be that their board was to be paid for, and that such presumption would stand until rebutted by other evidence. The presiding justice declined to so instruct the jury, but instructed them as follows:

" Whenever one person furnishes anything valuable to another, not being under legal obligation to do so, generally the presumption or implication is, that the thing furnished is to be paid for; that such is the general rule or implication; the rule of a case nakedly stated, naked of all qualifying circumstances; that we rarely see a case where the mere fact, that one person furnishes an article to another, is not accompanied by some circumstances which ordinarily show the terms and conditions upon which the article is furnished; that the ordinary presumption or inference, (that payment is to be made,) may in such case be strengthened by the accompanying circumstances, or may be weakened by them, or may be completely overpowered and rebutted by them; that the general rule bends to circumstances,—submits to them; that whether the general rule, or its exception, be applicable to this case was a question for the jury to decide; and that if it appeared to the jury from the facts and circumstances of the case, all of them taken together, that there was an implied promise to pay for the board furnished, if furnished,

the plaintiff would be entitled to recover; and that if it did not affirmatively appear to them from all the testimony in the case from both sides, that there was an implied promise to pay, then the plaintiff is not entitled to recover."

The verdict was for the defendant, and the plaintiff alleged exceptions.

*E. C. Brett*, for the plaintiff.

The rule contended for by the plaintiff was just and proper.

The defendant came to Godfrey's house with his wife and goods and sat at Godfrey's table, day by day, for nearly a year, and his wife remained longer, and paid nothing for it, and rendered no services or return of any kind, and attended to his own business all the time; the law presumes that board was furnished on credit. *Edmunds* v. *Wiggin*, 24 Maine, 505; *Atwood* v. *Lucas*, 53 Maine, 508.

Chief Justice MARSHALL, in 12 Wheat. 341, says, that implied contracts are those stipulations which the parties are supposed to have made, and which as honest, fair and just men they ought to have made. See also Met. Contr. 4; *Abbot* v. *Hermon*, 7 Maine, 118; *Weston* v. *Davis*, 24 Maine, 374; *True* v. *McGilvery*, 43 Maine, 485; *Tebbetts* v. *Haskins*, 16 Maine, 283.

The requested instruction was good law and I contend counsel have a right to have requested instructions given as requested when good law, as applicable to the case on trial.

The instructions given, misled the jury, because there was more force spent in discussing exceptions to the rule, than upon the rule itself, and as to the case on trial, the exceptions did not exist in proof. There were no circumstances in evidence that "bent the rule" of implication at all.

In the case in 104 Mass. 591, there was evidence of service rendered by the plaintiff, in the family of the defendant; and in *Thurston* v. *Perry*, 130 Mass. 240, and *Boardman* v. *Silver*, 100 Mass. 330, there was evidence of services rendered the families by the parties sought to be charged with board, as well as a general air of helpless family dependence, wholly unlike the case at bar.

*Barker, Vose and Barker*, for the defendant.

APPLETON, C. J.   A service may be rendered another gratuitously or under an express or implied promise of compensation. How rendered, whether gratuitously or under an express or implied promise of compensation will depend upon the facts and circumstances under which such services are rendered.

This action is brought for the board of the defendant and his wife by the administratrix on the estate of his father-in-law. The question in issue was whether he was residing in the house of the plaintiff's intestate as a boarder, or was there occasionally as a visitor.   The law ordinarily implies a promise to pay for services rendered, though such implication may be rebutted by the circumstances accompanying their rendition.   The relationship of the parties is an element of importance in determining whether the services were gratuitous or not, as well as the nature and character of those rendered.

The court is not required to give its instructions in words selected by the excepting counsel.   It is enough if they are correct as applied to the circumstances of the case.

The presiding judge gave as the general rule, "nakedly stated, naked of all qualifying circumstances," that when one furnishes any thing valuable to another, not being under legal obligation to do so, the presumption or implication is, that the thing furnished is to be paid for; but that the ordinary presumption of payment may be strengthened or weakened by the accompanying circumstances, leaving it to the jury to determine, from all the circumstances and evidence in the case, whether there was an implied promise to pay for the defendant's board or not.   The instructions given were in strict accordance with the legal rights of the parties, and the exceptions must be overruled.   *Spring* v. *Hulett*, 104 Mass. 591; *Thurston* v. *Perry*, 130 Mass. 240.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.