## EDWARD H. LIVINGSTON *vs.* EDWARD A. HAMMOND.

Essex.   November 7, 1894. — November 27, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Auditor's Report — Parent and Child — Liability of Step-son to Step-father for Necessaries furnished during Minority — Finding — Estoppel.*

If the only evidence introduced at the trial of a case is an auditor's report, the judge, who hears the case without a jury, is not obliged to accept the conclusions of the auditor upon the facts stated in his report, but may consider all the facts in their relation to one another, and draw any proper inferences from them and reach any conclusion that they will warrant.

A man is not bound to maintain the children of his wife by a former marriage, but, if he chooses to receive them into his family and to assume the relation of a parent to them in their daily life, the law will not imply a contract on his part to pay them for services which they render him while members of his family, nor a contract on their part to pay him for their maintenance.

In an action, upon an account annexed, by a step-father for necessaries alleged to have been furnished to his stepson during the latter's minority, it appeared that, as an act of charity, the plaintiff had paid the rent of a house for the defendant's mother and her children for several months before his marriage to her ; that after the marriage he and she and her children lived together as one family for nearly seven years ; that so long as his business was prosperous, he supported them liberally, "treating the children as he would had they been his own, furnishing them spending money, and providing for them as a liberal father in his circumstances would provide for his own sons"; that for nearly three years of the time covered by the account annexed the defendant was earning small sums of money, all of which were paid to his mother and used for the support of the family; that during all the time covered by this account the defendant's brother was in like manner earning money and paying it to his mother for the same purpose, and the plaintiff's earnings, after he ceased to be prosperous, were contributed to the common fund and put to the same use ; that the defendant's mother also earned some money, and her relatives made contributions for the support of the family ; and that no accounts were kept of the amounts received from these different sources. *Held,* that these facts warranted a finding for the defendant.

*It seems,* that a step-father, by his conduct in procuring the preparation and allowance of a probate account in which his step-son is held liable for his maintenance while a member of his step-father's family to his mother as guardian, and by the step-son's action in settling this claim, is estopped from recovering against the step-son for the latter's maintenance during the time covered by the probate account.

CONTRACT, upon an account annexed, for board, clothing, and other necessaries alleged to have been furnished by the plaintiff to the defendant while the latter was a minor.

The case was referred to an auditor, and was tried in the Superior Court, without a jury, before *Hammond*, J., upon the auditor's report; and no other evidence was introduced.

At the trial, the plaintiff requested the following rulings: " 1. As matter of law, upon the facts found by the auditor, the plaintiff is entitled to judgment. 2. As matter of law, upon the facts found by the auditor, the defendant is not entitled to judgment."

The judge declined to rule as requested, and found for the defendant; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

*M. E. Pingree*, for the plaintiff.

*I. A. Abbott*, for the defendant.

KNOWLTON, J. The only evidence introduced at the trial of this case was the auditor's report, and the question is whether the judge who heard the case without a jury was bound, as matter of law, to find for the plaintiff. The judge was not obliged to accept the conclusions of the auditor upon the facts stated in the report, but might consider all the facts in their relation to one another, and draw any proper inferences from them and reach any conclusion that they would warrant. *Hamilton* v. *Boston Port & Seamen's Aid Society*, 126 Mass. 407. *Emerson* v. *Patch*, 129 Mass. 299.

The plaintiff is the step-father of the defendant, and there was abundant evidence to warrant a finding that, on his marriage with the defendant's mother, he put himself *in loco parentis* to the defendant, and made him one of his family in precisely the same way as if he had been his own son. A man is not bound to maintain the children of his wife by a former marriage, but if he chooses to receive them into his family, and to assume the relation of a parent to them in their daily life, the law will not imply a contract on his part to pay them for services which they render him while members of his family, nor a contract on theirs to pay him for their maintenance. *Mulhern* v. *McDavitt*, 16 Gray, 404. *Williams* v. *Hutchinson*, 3 Comst. 312. *Sharp* v. *Cropsey*, 11 Barb. 224. *Lantz* v. *Frey*, 14 Penn. St. 201. *Hussey* v. *Roundtree*, Busb. (N. C.) 110. *Bush* v. *Blanchard*, 18 Ill. 46. *Gillett* v. *Camp*, 27 Mo. 541. *Murdock* v. *Murdock*, 7 Cal. 511. *Smith* v. *Rogers*, 24 Kans. 140. *Davis* v. *Goodenow*, 27

Vt. 715. The law approves and encourages the assumption of such a relation, as promotive of the best interests of all parties by uniting them in an orderly family life. If nothing more appears than helpfulness in such relations, it will not permit an implication of a contract to make compensation in money on either side. It will presume, also, that what was done proceeded from a higher attribute of human nature than the desire to bargain and get gain, namely, an unselfish love of a parent for his children and of the children for their parent. Of course there may be circumstances in any case which will rebut the ordinary presumption from the residence together in the same family of persons so related, and will call for an inference that the step-father was not acting *in loco parentis,* but in a different relation.

In the present case we are of opinion that the weight of the evidence was greatly in favor of the finding of the judge. It appears that as an act of charity the plaintiff had paid the rent of a house for the defendant's mother and her children for several months before his marriage to her. After the marriage he and she and her children lived together as one family for nearly seven years. So long as his business was prosperous he supported them liberally, " treating the children as he would had they been his own, furnishing them spending money, and providing for them as a liberal father in his circumstances would provide for his own sons." For nearly three years of the time covered by the account annexed to the plaintiff's declaration the defendant was earning small sums of money, all of which was paid to his mother and used for the support of the family. During all the time covered by this account the defendant's older brother was in like manner earning money and paying it to his mother for the same purpose, and the plaintiff's earnings, after he ceased to be prosperous, were contributed to the common fund and put to the same use. The defendant's mother also earned some money, and her relatives made contributions for the support of the family. No accounts were kept of the amounts received from these different sources. In all these facts there is nothing to control, but much to strengthen, the ordinary inference from residence in the same family, that the plaintiff and the defendant were not dealing with each other as parties contracting

either expressly or impliedly in matters of business, but with a purpose to be mutually helpful as parent and child. The rulings requested were, therefore, rightly refused.

There is strong ground for the defendant's contention that the plaintiff is estopped from recovering by his conduct in procuring the preparation and allowance of a probate account, in which the defendant is held liable for his maintenance during this time to his mother as guardian, and by the defendant's action in settling this claim; * but this presents a question which it is unnecessary to decide.     *Exceptions overruled.*

---

* The defendant, who inherited some property from his grandfather, settled with his mother as guardian after he became of age, not by paying her the amount allowed in the probate account, but by an arrangement for her support, she having separated from her husband, the plaintiff, who resided in England, and had not contributed to her support for several years; and she released the defendant from all claims against him as guardian.