JOSEPHINE R. KIRCHGASSNER *vs.* JAMES H. RODICK.

Suffolk.     November 19, 1897. — March 30, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Use and Occupation — Husband and Wife — Parent and Child — Contract —
Law and Fact — Services Rendered — Action — Evidence.*

A man who marries a widow, whose first husband died seised of certain premises
which at his death he was occupying with his wife and two children, is not
liable to an action for use and occupation of the premises brought by one of the
children after the death of her mother, who survived the other child, the latter
dying intestate and without issue, and who never had dower assigned to her,
there being no children born of the second marriage, and no express contract
on his part before his wife's death to pay for the use of the premises, which he
occupied from their marriage until her death.

Where a step-child is cared for, supported, and treated in all respects as one of her
step-father's family, and the relation between him and her is that of parent and
child and not that of master and servant, she is not entitled, as matter of law,
to maintain an action against him for services rendered by her.

In order to warrant the submission to the jury of the question whether there was
an understanding or agreement between a step-father and his step-child, who is
a member of his family, to pay for services rendered by her, there must be cir-
cumstances from which they fairly would be justified in finding that there was
such an understanding or agreement. If there are no such circumstances it is
the duty of the court to take the case from the jury.

Evidence tending to show that, while a step-daughter, who had formerly lived as
one of her step-father's family, was away from home working for a dressmaker,
her mother said to her in the presence of her step-father, " that she did not
need to work there because she would get just as much at home," and that
thereupon she left the dressmaker and came home and did housework, is not
sufficient, with nothing more, to show a contract upon which to found an action
by her against her step-father for services rendered.

At the trial of an action by a step-daughter against her step-father for use and
occupation of the premises where he lived with her and her mother from the
time of his marriage to the latter until her death, the premises having been
owned by her first husband and occupied by the family until his death, and also
for services rendered by the plaintiff as a domestic, the judge excluded evi-
dence offered to show that no married woman's certificate that the defendant's
wife was doing or proposed to do business on her separate account (the prem-
ises being used for a boarding house business) was filed; that the defendant
had said that, during the time the plaintiff worked in the house, there was a
substantial sum of money put in the bank for her in his name, in trust for her
mother, and that after she made a claim for wages he drew it out; and that since
he came to Boston he had received property and had money in the bank as a
result of the business; and also the fair rental value of the house during the
time it was occupied by the defendant. *Held,* that no error appeared.

CONTRACT, upon an account annexed, for use and occupation of certain premises in Boston, and for services as a domestic. Answer: 1. A general denial. 2. The statute of limitations. Trial in the Superior Court, before *Hopkins*, J., who ruled that, upon all the evidence, the plaintiff was not entitled to recover, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*M. J. Creed*, (*J. P. Crosby* with him,) for the plaintiff.

*R. M. Saltonstall*, (*G. M. Cushing* with him,) for the defendant.

MORTON, J. The plaintiff seeks in this action to recover from the defendant one half of the sum alleged to be due from him for twenty-three years' use and occupation, from September, 1869, to September, 1892, of certain premises of which she inherited one half from her father in 1870, and the other half from her mother in 1891, and for thirteen years' services as a domestic, from August, 1879, to September, 1892.

In regard to the claim for use and occupation, it is agreed that the plaintiff's father died in 1870, seised of the premises and leaving a widow, the plaintiff's mother, and as his sole heirs at law the plaintiff and her sister; that dower never was assigned to the widow; that she was married to the defendant in September, 1870; that the plaintiff's sister died, unmarried and intestate, in 1889, leaving her mother surviving her; and that the defendant's wife died in June, 1891, leaving the plaintiff as her sole heir at law. We assume, though it is nowhere distinctly stated in the bill of exceptions, that the plaintiff's father was occupying the premises with his family at the time of his death, and that the widow and children continued in occupation thereafter, and that when the defendant married the plaintiff's mother he went there to live, and that there were no children born of this marriage. It is uncontroverted that he lived there till September, 1892.

There was no evidence tending to show an express contract on the part of the defendant before his wife's death to pay for the use of the premises, and there was no implied contract, unless one arose as matter of law. Without a contract, express or implied, an action for use and occupation cannot be maintained. *Rogers* v. *Coy*, 164 Mass. 391. *Central Mills Co.* v. *Hart*, 124 Mass. 123. *Merrill* v. *Bullock*, 105 Mass. 486.

Assuming that the defendant was the head of the family, and that he was bound to provide a home for them, we think that his occupation of the premises must be referred, so long as his wife lived, to her interest in them, and be deemed to have been with her license or permission. *Southworth* v. *Edmands*, 152 Mass. 203. *Plaisted* v. *Hair*, 150 Mass. 275.

Under Pub. Sts. c. 124, § 13, she had a right to occupy the premises without having her dower assigned, so long as the heirs did not object. *Anthony* v. *Anthony*, 161 Mass. 343. *Hastings* v. *Mace*, 157 Mass. 499. The fact that the heirs were minors and that she was their guardian did not compel her to have her dower assigned, or take the case out of the statute above cited. That statute enlarges the rights of the widow, and renders her occupation lawful without an assignment of dower, unless the heirs object; *Anthony* v. *Anthony*, and *Hastings* v. *Mace*, *ubi supra;* and there is nothing which confines its operation to cases where the heirs are of age, or where, if they are minors, some other person than the widow is their guardian. In addition to the right of occupancy, which her inchoate right of dower gave her, the defendant's wife inherited from her daughter, on the latter's death in 1889, an undivided half of the premises, (Pub. Sts. c. 125, § 1, cl. 4,) and on the death of his wife in 1891 the defendant became entitled for life to a one half interest in the estate of which she was seised and possessed; Pub. Sts. c. 124, § 1; St. 1885, c. 255, § 2; so that from that time till he left in September, 1892, he was in occupation in his own right. During the whole period, therefore, his occupancy was of such a nature that no action can be maintained against him for use and occupation, since it is settled that one who is in as tenant in common, or by virtue of the right of a tenant in common, is not liable to another tenant in common for use and occupation though occupying the entire premises. *Badger* v. *Holmes*, 6 Gray, 118. *Austin* v. *Ahearne*, 61 N. Y. 6, 14. Schouler, Dom. Relations, (1st ed.) 378.

In regard to the claim for services, there was testimony tending to show that, after the defendant married the plaintiff's mother, the family consisted of the defendant, his wife, and the plaintiff and her sister, the plaintiff being about four years old and her sister two years and a half older; that a boarding and

lodging house business was begun on the premises in 1877, and was continued till some time after the death of the defendant's wife; that the plaintiff left school when thirteen years of age, and, commencing then, worked about the house doing general housework until 1892, with the exception of about six months at one time and three months at another, when she worked at dressmaking, and that her mother and her sister also worked there so long as they lived. There was nothing to show that any account was kept of the plaintiff's services, or of her board, or of money that was expended for or given to her, or that she was ever paid any wages. The uncontradicted testimony tended to show that she was cared for and supported and treated in all respects, as well after she arrived at twenty-one as before, as one of the family, and that the relation between the defendant and her was that of parent and child, and not that of master and servant. Under such circumstances she is not entitled, as matter of law, to recover for the services which she rendered, and it cannot be held that the ruling of the court was erroneous. *Livingston* v. *Hammond*, 162 Mass. 375. *Mulhern* v. *McDavitt*, 16 Gray, 404. *Bundy* v. *Hyde*, 50 N. H. 116. *Davis* v. *Goodenow*, 27 Vt. 715. *Harris* v. *Smith*, 79 Mich. 54. *Disbrow* v. *Durand*, 25 Vroom, 343.

Although it has been said in some cases that the question whether there was an understanding or agreement to pay for the services is one of fact for the jury, in order to warrant its submission to them there must be circumstances from which they fairly would be warranted in finding that there was such an understanding or agreement. See *Guild* v. *Guild*, 15 Pick. 129; *Spring* v. *Hulett*, 104 Mass. 591; *Thurston* v. *Perry*, 130 Mass. 240; *James* v. *Cummings*, 132 Mass. 78.

If there are no such circumstances, it is the duty of the court to take the case from the jury.

The plaintiff introduced evidence tending to show that in July, 1887, while she was working for a dressmaker, her mother said to her, in the presence of the defendant, " that I (the plaintiff) did not need to work there because I would get just as much at home "; and that thereupon she left the dressmaker and came home and did housework; and she contends that this was evidence for the jury of an agreement on the part of the defend-

ant to pay her for her services.    But we think that this was too slight and unsatisfactory to, base a contract upon.    Although it is said to have been in the presence of the defendant, there is nothing to show that he heard it, or that, if he did, he assented to it, or that it was ever referred to again, or that he knew that she was rendering service with the expectation of being paid by him in consequence of what her mother had said or otherwise, or that from that time any account was kept, or that there was any change in the treatment of the plaintiff as a member of the family, or that the remark was intended as anything more than an expression on the part of the plaintiff's mother of her dissatisfaction with the wages which the plaintiff was receiving, and of her opinion that the plaintiff would be as well off at home as she would be in working for the dressmaker.    In view of the considerations which have led courts to hold that a contract will not be implied either to pay for services or maintenance where the relation between a step-father and step-children are or have been those of parent and child, we think that where it is sought to change the relation to one of master and servant the evidence should be such as clearly to warrant such a finding on the part of the court or the jury.    *Davis* v. *Goodenow*, 27 Vt. 715.    *Munger* v. *Munger*, 33 N. H. 581.    *Candor's appeal*, 5 Watts & S. 513.

For reasons already given, we do not think that this evidence was sufficient, or that a promise to pay can be implied from the character of the services rendered and the circumstances under which they were performed.

Exceptions were taken by the plaintiff to the exclusion of certain evidence that was offered by her.*    Without considering

---

* The plaintiff offered to show that there was no married woman's certificate that the defendant's wife was doing or proposed to do business on her separate account filed by her or by the defendant in the clerk's office. of the city of Boston, from the time of her marriage to the defendant on September 14, 1870, until her death, June 6, 1891, as required by Pub. Sts. c. 147, § 11. The plaintiff's counsel stated that, in connection with this offer, he wished to show by the plaintiff that while she was working in the house her mother had stated to her that she would be paid for her services.    The plaintiff also offered to show that the defendant had said that during the time the plaintiff worked in the house there was a substantial sum of money put in the bank for her in his name, in trust for her mother, and that after she made

them in detail, we deem it enough to say that we discover no error in the rulings of the court in relation thereto. As the case stood when the plaintiff offered to show that no certificate had been filed that the defendant's wife was carrying on the business, that fact was irrelevant and immaterial. The plaintiff's testimony all tended to show that the defendant was carrying on the business. If, after the defendant had testified that his wife carried on the business, the evidence had been offered again in connection with the evidence which was offered for the purpose of showing that she had agreed with the plaintiff to pay her for her services, perhaps it might have been competent; but that was not done.

We have not found it necessary to consider whether the statute of limitations would have operated as a bar to the plaintiff's claim, or any part of it.                *Exceptions overruled.*

---

a claim for wages he went and drew it out. On cross-examination of the defendant, the plaintiff offered to show that since the defendant came to Boston he had received property and had money in the bank as a result of the boarding house business. The plaintiff further offered to show, by an expert in real estate, the fair rental value of the house during the time it was occupied by the defendant.