CHARLES WIRTH vs. THEKLA KUEHN, executrix.

Suffolk.    January 12, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Contract*, What constitutes, Implied: common counts.

In an action of contract for board and money furnished to the defendant's testator whose only child was the plaintiff's wife, if there is evidence warranting a finding that the plaintiff furnished the board and money, not as a gift, but with the expectation of creating a liability of the defendant's testator for its payment and relying upon the fact that the testator had property more than enough to repay him, and that the testator did not understand that what he received from the plaintiff was a gratuity, a finding for the plaintiff is justified, although it appears that the plaintiff when he furnished the board and money did not expect to enforce his legal right but was willing to refrain from doing so for the purpose of increasing his wife's expected inheritance from her father.

SHELDON, J.  The defendant is the executrix of the will of Max Nold, and this action is brought to recover $1,140 for board alleged to have been furnished by the plaintiff to said Nold and his wife, and various sums of money, amounting to over $1,400, alleged to have been received by Nold from the plaintiff or to have been paid by the plaintiff for his use.  The case was tried before a judge of the Superior Court without a jury, the only evidence being an auditor's report, which set forth his findings of fact in detail as to all claims made by the plaintiff.

The defendant asked the judge to rule that upon all the evidence in the case the plaintiff was not entitled to recover for the board claimed or for the money alleged to have been lent or expended, unless for the items enumerated in the fifteenth section of the auditor's report; that if as a fact the defendant's testator received board where he was living, and different sums of money either from the plaintiff or the plaintiff's money, and the plaintiff only consciously expected to be reimbursed for these sums out of the property of the defendant's testator, and by a particular method, namely, through the expected inheritance by the plaintiff's wife at the death of the testator,* and never expected to

_____
* The plaintiff's wife was the only child of Max Nold, the defendant's testator.

be paid or reimbursed from any other source or in any other manner, then the plaintiff could not maintain his action for such items; that upon all the evidence the plaintiff was not entitled to recover any of the items claimed in his declaration; that upon all the evidence in the case it appeared that the plaintiff or the plaintiff's wife advanced or gave certain sums of money at different times to the defendant's testator, and also furnished some board, but with the conscious expectation that it was to be made good out of the property of the testator, and in a particular way, namely, through the inheritance of this property by the plaintiff's wife, and in no other way; and therefore the plaintiff could not recover for any of the items claimed in the declaration.

The judge declined to make any of these rulings; and ruled, at the request of the defendant, that the intention of the plaintiff, which he had without disclosing it to the defendant's testator, with reference to the board and cash furnished or advanced, and the question whether he intended the same as a gift or not, are immaterial, and the evidence of such intention should not be considered, but the intention of the plaintiff must be determined from all the circumstances of the case; and found for the plaintiff in the sum of $979 and some cents. The defendant excepts to the refusal of her requests for rulings.

Without going over the specific findings of the auditor in detail, we think that upon the statements of the report the judge was warranted in finding that the plaintiff furnished to the defendant's testator, the board and money for which he was allowed to recover, not as a gift, but with the expectation that it was to create a liability on the part of Nold for its repayment, and knowing and relying upon the fact that Nold had property more than enough to repay him. And in spite of the statement made by the auditor as to the seventh of the plaintiff's requests for findings,* we are of opinion that upon the other facts found

---

* The seventh finding requested by the plaintiff was as follows:

" That the money, provisions, and board furnished by the plaintiff to the said Nold as hereinabove set forth were furnished by him with the distinct purpose and intention that the same should not be a gift or gratuity to Nold, and that Nold knew or as a reasonable man ought to have known that the plaintiff did not intend to make him a gift or gratuity thereof, and that as a result if Nold had during his lifetime attempted to dispose of his property as a gift to a third person, such disposition would have been in fraud of

by the auditor the judge was warranted in finding that Nold did not understand that what he received from the plaintiff was intended as a mere gratuity. No doubt the judge might have made contrary findings, but these were questions of fact upon which the findings made are conclusive. *Thurston* v. *Perry*, 130 Mass. 240. And if these facts were found by the judge it could not have been ruled as matter of law that the plaintiff's right to recover from Nold in his lifetime, or from the defendant as Nold's executrix after his decease, was taken away by the fact that the plaintiff expected that his actual reimbursement would come through his wife's inheritance from Nold, and accordingly did not in fact look forward to obtaining reimbursement from any other source. As long as the legal right to reimbursement existed, we do not think that the plaintiff's right could be affected by the fact that he did not expect to stand upon this legal right, but was willing to refrain from enforcing it for the increase of his wife's expected inheritance. *Baxter* v. *Gray*, 4 Scott N. R. 374. These parties did not become members of one family, as in *Kirchgassner* v. *Rodick*, 170 Mass. 543, *Livingston* v. *Hammond*, 162 Mass. 375, and *Spring* v. *Hulett*, 104 Mass. 591. Nor did it appear, as in *Livingston* v. *Hammond*, that the plaintiff began to assist Nold merely from motives of charity or of family affection. The beginning of their relations was put upon a distinctly pecuniary basis, when it was agreed that Nold should at his own expense construct an addition to the plaintiff's house and be allowed to occupy this addition for life without further charge.

We cannot doubt that from the specific findings of fact made by the auditor the judge had the right to draw inferences of fact contrary to those drawn by him. *Livingston* v. *Hammond, ubi supra*. *Peaslee* v. *Ross*, 143 Mass. 275. *Emerson* v. *Patch*, 129 Mass. 299.

*Exceptions overruled.*

*E. N. Hill*, for the defendant.
*G. W. Anderson*, (*E. H. Ruby* with him,) for the plaintiff.

the rights of the plaintiff as a creditor, voidable by him, and that the disposition by will after his death stands upon the same footing."

In regard to this the auditor said: "In reference to the plaintiff's seventh request for a special finding I do not feel justified in making it."