WALTER H. LYONS *vs.* ISAAC JACKSON & another, executors.

Norfolk.   January 13, 1919. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Contract*, Implied, What constitutes. *Evidence*, Presumptions and burden of proof.

Although a man is under no legal obligation to support the mother of his wife, yet if at the request of his wife's brother he receives his mother-in-law into his family and maintains and cares for her there, the law will not imply a contract that he is to be paid by such brother-in-law for her support in the absence of evidence that the brother-in-law knew or reasonably ought to have understood that he was to be charged for such maintenance.

In an action of contract against the executor of the will of the plaintiff's brother-in-law to recover for the support of the plaintiff's mother-in-law in the plaintiff's house, the burden of proof is on the plaintiff to show a contract express or implied on the part of the testator to pay for such support.

Where in such an action it appeared that during all the years of such support the relations between the testator and the plaintiff and his family were harmonious and friendly, that the plaintiff's mother-in-law was old and infirm and needed much care and attention, which was given her by her daughter, the plaintiff's wife, and by a young man who lived in the house, that the testator in every month for nine years gave his mother $20, which in each month was turned over to the plaintiff and was accepted by him without any suggestion that he was dissatisfied with the arrangement, that during all these years the plaintiff never intimated to the testator that he expected or ought to be paid a larger sum and did not present any claim against the defendant executor until nearly a year and a half after the testator's death, and where an auditor on this and other evidence found for the defendant, it was *held* that it was right for the presiding judge to order a verdict for the defendant.

CONTRACT against the executors of the will of George O. Wales, for the board and care of Isabella C. Wales furnished at the request of the defendants' testator from December 10, 1904, to January 4, 1913, at $25 a week, with a credit of $20 a month. Writ dated February 27, 1915.

In the answer, among other matters, as to so much of the plaintiff's claim as was alleged to have accrued before February 27, 1909, the defendants set up the statute of limitations.

In the Superior Court the case was tried before *Dana,* J., upon an auditor's report and oral evidence, which are described in the opinion. At the close of the evidence the judge, being of opinion that as a matter of law the plaintiff was not entitled to recover, ordered a verdict for the defendants and at the request of the plaintiff reported the case for determination by this court. If the ruling of the judge was right, the verdict for the defendants was to stand; if the ruling was wrong, the verdict was to be set aside and a new trial ordered.

*J. W. McAnarney,* (*T. F. McAnarney* with him,) for the plaintiff.

*Asa P. French,* (*J. W. French* with him,) for the defendants.

CROSBY, J. This is an action to recover for board and care furnished to Isabella C. Wales, the mother of the testator, George O. Wales, from December 10, 1904, to January 4, 1913, the date of his death. The case was referred to an auditor who found for the defendants. At the trial in the Superior Court, at the conclusion of the evidence, the presiding judge ruled that the plaintiff was not entitled to recover and ordered a verdict for the defendants, and reported the case to this court. The report contains all the material evidence.

The plaintiff's wife is a sister of the testator and a daughter of Isabella C. Wales. The husband of the latter died in December, 1904.

The plaintiff testified in substance that after the death of the husband of Isabella C. Wales and before the burial of his body, while he (the plaintiff) and George O. Wales were at the Wales house that the latter said to him: "Mr. Lyons, are you willing that mother — Mr. Lyons, are you willing that I should bring mother to your home to live?" to which the plaintiff replied: "Yes, sir. When will you bring your mother up to my home? Of course we want to prepare for her arrival;" and that Mr. Wales replied: "In about a week or ten days." He further testified that the testator brought his mother to the house on December 10, 1904, and that she had lived there ever since; that "he never made any demand upon the testator for any payment of any money on account of the care of the testator's mother," and that he never presented any claim therefor until after the son's death.

Although the testator frequently came to the house to see his mother, there is nothing to show that the plaintiff ever had any conversation with him in which claim for board and care of Mrs. Wales was made or referred to. There was evidence that the testator gave his mother a check for $20 each month during all the time she was at the plaintiff's house up to the time of his death; that the checks were payable to the order of Mrs. Wales, and were indorsed by her and given to her daughter, who delivered them to the plaintiff who indorsed them and collected and retained the proceeds; that a bath room in the plaintiff's house was fitted up for Mrs. Wales at the request of the testator and that he paid the expense connected therewith; that he often brought meat, fruit and vegetables to the house which were used by the family; that he furnished his mother with medical attendance when required; and that he sent to her and to the plaintiff's wife presents of money at Christmas time and at other times.

The question is whether there was sufficient evidence to warrant a finding that the testator impliedly agreed to pay the plaintiff for the care and board so furnished. It is plain that "the law implies a promise to pay for the reasonable value of benefits received, only when there is no evidence that they were conferred upon other grounds than that of contract." *Spring* v. *Hulett*,

104 Mass. 591, 592. The record shows that the relations between the testator and the plaintiff and his family were harmonious and friendly during all these years; and that Mrs. Wales, who was eighty-three years of age when she went to the plaintiff's house to live, was infirm and needed much care and attention, which was given her by her daughter (the plaintiff's wife) and by a young man who lived in the house.

A man is under no legal obligation to maintain the mother of his wife, but if he chooses to receive her into his family the law will not imply a contract charging her son to pay him for her support, in the absence of evidence to show that he expected to be reimbursed therefor and that the son knew or reasonably ought to have understood that he was to be charged for such maintenance. *Livingston* v. *Hammond*, 162 Mass. 375. *McKenna* v. *Twombly*, 206 Mass. 62. *Sherry* v. *Littlefield*, ante, 220.

In view of the relationship of the parties and of all the circumstances, including the payment by the testator of $20 a month to his mother which was turned over to the plaintiff and accepted by him every month for nine years without any suggestion from him that he was dissatisfied with the arrangement, and that during all these years he never intimated to the testator that he expected or ought to be paid a larger sum, and did not present any claim against the estate until nearly a year and a half after the testator's death, it is plain that an implied contract to pay any additional amount cannot be found to exist and that the finding of the auditor was clearly right. *Preston* v. *American Linen Co.* 119 Mass. 400, 404. It is equally plain that the inquiry made by the testator of the plaintiff as to whether he would be willing that Mrs. Wales should go to his house to live, and his answer in the affirmative, together with the fact that the testator later brought her there, taken in consideration with all the circumstances, falls far short of establishing an implied contract between the parties. The burden of proof rested upon the plaintiff to establish a contract express or implied on the part of the testator to pay for the board so furnished. We are satisfied from all the evidence and the reasonable inferences to be drawn therefrom that the plaintiff has failed to establish that burden.

The furnishing of board and care by the plaintiff to his wife's mother is at least as consistent with the contention that they

were so furnished through motives of affection and a sense of duty, without any hope or expectation of reward, or advantage, as that they were furnished as a consideration for a legal obligation. There is no evidence that the plaintiff intended to make any claim during the lifetime of the testator for additional compensation, or that the latter had reason to believe he would be so charged. It follows that the plaintiff is not entitled to recover and that the ruling of the judge was right. *Kirchgassner* v. *Rodick,* 170 Mass. 543. *Johnson* v. *Kimball,* 172 Mass. 398. See *Thurston* v. *Perry,* 130 Mass. 240; *Livingston* v. *Hammond, supra; Wirth* v. *Kuehn,* 191 Mass. 51.

In accordance with the terms of the report the entry must be

*Verdict for the defendants to stand.*