H. W. CHILD *vs.* BOYD AND COREY BOOT AND SHOE
MANUFACTURING COMPANY.

Suffolk.    December 14, 15, 1899. — March 3, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Master and Servant — Immoral Conduct not justifying Discharge — Law
and Fact.*

Immoral acts or misconduct exhibiting moral turpitude on the part of a person
employed as a salesman do not necessarily, as matter of law, render him unfit
to continue in his employment or justify his discharge therefrom.

CONTRACT, to recover damages for an alleged wrongful dismissal from the defendant's employ.   Answer: a general denial.
The defendant, on motion of the plaintiff, also filed two specifications of defence as follows: 1. Intoxication of the plaintiff, and
a visit by him to a house of ill-fame in Cincinnati, Ohio, and
public association with a prostitute between August 8 and 15,
1896, thereby rendering him an unfit person to continue in the
defendant's employ, and incapable of performing his duties under
the contract during that period.   2. Failure of the plaintiff to
perform his duties under the contract between August 17 and
19, 1896, in consequence of the misconduct alleged in the first
specification.    Trial in the Superior Court, before *Blodgett,* J.,
who allowed a bill of exceptions, in substance as follows.

The defendant employed the plaintiff under a written contract,
which provided that he was to enter its service as its chief salesman on or before April 22, 1896, and continue therein until the
first Saturday of December, 1897, at a salary of $3,300 a year.
On December 7, 1896, the defendant terminated the contract
and dismissed the plaintiff, but paid him his salary for December,
1896. January, and a part of February, 1897.   There was evidence tending to show that on Sunday, August 9, 1896, the
plaintiff, while in the defendant's employ, visited a house of illfame in Cincinnati, drove publicly through the streets with one
of its occupants, and drank freely of intoxicating liquors; but
that the knowledge of his misconduct did not come to the defend-

ant until after the final payment to the plaintiff in February, 1897.

The defendant requested the judge to rule, 1. If there is in fact a good cause of discharge, the employer is justified in discharging his servant, although at the time of the discharge he does not know of the .existence of such cause for discharge. 2. Misconduct exhibiting moral turpitude, although causing no damage to the employer, is a good cause. for discharge. 3. Moral misconduct, although causing no special pecuniary damage to the employer, is a good cause for discharge. 4. If the plaintiff, while in the employ of the defendant, visited a house of ill-fame in Cincinnati on Sunday, and was seen, before or after the visit, publicly driving with one of its occupants who was a woman of bad repute, his discharge from the service of the defendant was justified, although at the time of the discharge the defendant had no knowledge of such misconduct.

The judge gave the first ruling requested, but refused to give the others; instructed the jury that, as matter of law, the conduct of the plaintiff did not justify his discharge, and gave full instructions relative to causes relied on in the second specification of defence, and to other issues, to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. W. Bartlett,* (*P. B. Runyan & E. R. Anderson* with him,) for the defendant.

*E. R. Thayer,* for the plaintiff.

MORTON, J.   The plaintiff entered the employment of the defendant under a written contract, which provided that he was to be its chief salesman at a salary of $3,300 per year from, on, or before April 22, 1896, to the first Saturday of December, 1897. On December 7, 1896, the defendant terminated the contract and dismissed the plaintiff.

The grounds relied on in justification are, (1) dissipation, rendering the plaintiff an unfit person to continue in the defendant's employment, and incapable of performing his duties between August 8 and 15, 1896, and (2) failure on the plaintiff's part to perform his duties from August 17 to August 19, 1896, in consequence of such dissipation.

The defendant asked certain rulings, of which the first was given and the second, third, and fourth were refused. The case comes here on exceptions to the refusal to give the three rulings, and also on exceptions to the charge.

As we understand the rulings that were refused, the court was asked to rule that "any moral misconduct," or "any misconduct exhibiting moral turpitude" on the part of a servant was good ground for dismissal, and that the misconduct of the plaintiff in visiting on Sunday a house of ill-fame in Cincinnati, while in the defendant's employment, and publicly driving with its occupant, justified his dismissal.

The first request asked the court to rule that, if at the time of discharge a good cause in fact existed, though the employer did not know it, that was sufficient to justify the discharge. The court gave this ruling, and a similar one with which the fourth request concluded.

If there are cases, on which we express no opinion, where "any moral misconduct" or "any misconduct exhibiting moral turpitude" would justify a discharge, we think that this was not one of them. The test is, it seems to us, not morality in the abstract, but whether, taking the nature of the plaintiff's employment into account, the acts complained of rendered the plaintiff unfit to perform the duties which he had undertaken, and we think that it could not be held, as matter of law, that "any act of moral misconduct" or "any misconduct exhibiting moral turpitude" on the part of a seller of boots and shoes, necessarily rendered him unfit to continue in the employment of a corporation engaged in that business. For the same reason we think that it could not be ruled that his conduct on Sunday justified his discharge. It is true that the specifications allege the plaintiff's unfitness for the further performance of his duties by reason of the dissipation which is described. But the trouble with the requests was that they asked the court to rule that any immorality on the plaintiff's part, and his conduct on Sunday, were sufficient without more to warrant his discharge. If the defendant intended to rely on the contention that the plaintiff's immorality was so gross as to unfit him properly to perform his duties, or calculated to injure the defendant's business if he continued in its employment, we think that it should have called the atten-

tion of the court to it by suitable requests or in some other mode. As it was the court evidently understood, and we think rightly, the defendant's contention to be that any immoral conduct or any misconduct indicating moral turpitude and his conduct on Sunday justified, without anything more, his discharge.    For reasons already given we do not think this was so.

The exceptions state that full instructions were given in reference to the second ground relied on in justification of the discharge and to other issues to which no exception was taken.

We think that the exceptions must be overruled.    See *Freeman* v. *Bourne*, 170 Mass. 289; *Ulrich* v. *Hower*, 156 Penn. St. 414; *Milligan* v. *Sligh Furniture Co.* 111 Mich. 629; Wood, Master & Servant, (2d ed.) § 110; Smith, Master & Servant, (4th ed.) 139 *et seq.*                                    *So ordered.*