WILLIAM J. PATRON *vs.* ELIZABETH C. QUINLAN.

Norfolk.    March 5, 1930. — May 27, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes.  *Attorney at Law.*

At the hearing by a judge of a district court of an action against a woman for professional services in representing the defendant, a contestant at the trial of issues relating to the proof of a will, the judge disbelieved testimony of the plaintiff as to his original interview with the defendant but found in substance upon evidence warranting the finding that, at the request, originally of a son of the defendant and, after the trial had gone on for a day, of the defendant and with her acquiescence and in her presence, he conducted the trial in her behalf; and found for the plaintiff. *Held,* that

(1) The judge was not bound to find action through an agent, nor to give rulings applicable to a relation of agency;

(2) Even if the plaintiff's testimony were not believed, in the circumstances the final conclusions were not as a matter of law erroneous.

The fact that, when first interviewed by the defendant's son, the plaintiff had entered his appearance in the contest for the defendant and others, was immaterial.

CONTRACT upon an account annexed for professional services as an attorney at law, alleged to have been rendered to the defendant as a contestant of the will of Michael W. Quinlan.  Writ in the Municipal Court of Brookline dated February 13, 1928.

At the trial in the Municipal Court, the plaintiff testified in substance that, being in the court room in Dedham on

January 19, 1925, when the issues relating to the will contest (Fegan et al. *v.* Quinlan et al.) were called for trial, he was asked by Harold J. Quinlan, son of the defendant, to represent the defendant because counsel who formerly had appeared for her had withdrawn; that the plaintiff said he would have to see the defendant first; that he saw her that evening and discussed the matter with her; that she asked him what expense was going to be involved, and he told her he would put in his appearance for her but could not tell at that time what the expense would be, but that he would charge her a reasonable fee for services rendered; that thereafter he represented the defendant at the trial of the issues.

It appeared that the appearance of the plaintiff for the defendant and others was entered in the clerk's office on January 20, 1925; that the interview of the plaintiff with the defendant was not until January 22, after the case had been on trial for a day; and that the defendant was then present for a part of the rest of the trial while the plaintiff was conducting the contest in her behalf.

The judge refused to give the following rulings, asked for by the defendant:

"2. If the plaintiff testified to a contract for fees made with Mrs. Quinlan in person and testified that he made no contract for fees with Harold J. Quinlan, acting as her agent, he cannot recover in this action on the ground of a contract made with Harold J. Quinlan as agent of the defendant."

"4. There is no evidence that the defendant contracted to pay the plaintiff counsel fees, acting through Harold J. Quinlan as her agent.

"5. There is no evidence that the defendant acting in person and not through an agent agreed to pay the plaintiff counsel fees.

"6. On all the evidence the decision should be for the defendant because, (a) the plaintiff testified that his agreement as to the payment by Mrs. Quinlan of reasonable fees for his services was made prior to his appearing for her at the trial and it is conclusively established by the evidence

that the plaintiff never saw Mrs. Quinlan about this case until the evening of January 22, 1925, and because the evidence further conclusively establishes that the plaintiff's appearance in the case for the defendant was entered on January 20th and that he was in court conducting the case during the day of January 22nd; (b) because there is no evidence that the plaintiff made an agreement for his counsel fees with Harold Quinlan acting as agent for the defendant."

The judge made the following finding of fact, asked for by the plaintiff: "That upon all the evidence in the case, all the services rendered by the plaintiff, at the request of Harold J. Quinlan, were services rendered for the defendant Mrs. Elizabeth C. Quinlan, at her request and approval"; and the following findings, asked for by the defendant: "1. On January 20, 1925, the plaintiff entered his appearance in the case of Fegan et al. v. Quinlan et al. for Elizabeth C. Quinlan, Lucy A. Quinlan, Frances Quinlan and Thomas A. Quinlan." "4. In the case of Fegan et al. v. Quinlan et al. the plaintiff was in court on Monday, January 19, 1925, and rendered certain assistance and gave certain advice to Mr. Harold J. Quinlan in the conduct of the case. 5. In the case of Fegan et al. v. Quinlan et al. the plaintiff was in Dedham with Harold J. Quinlan on Tuesday, January 20, 1925, but the case did not go on. 6. The plaintiff was again in Dedham on Thursday, January 22, 1925, and actively conducted the will case on the date. 7. The plaintiff never saw the defendant in connection with the will case until the evening of Thursday, January 22, 1925, nor did he write to her about the case previous to that time." The judge further found as follows: "This is an action of contract for professional services alleged to have been furnished the defendant by the plaintiff in contesting the will of Michael Quinlan. There was evidence that Harold J. Quinlan, son of the defendant, first brought the case to the attention of the plaintiff and his act was afterward confirmed by Elizabeth C. Quinlan, the defendant, and I find as a fact on all of the evidence that the plaintiff was properly employed by the defendant and did all of the work

set forth in his declaration, but I find that after the appointment of the conservator, the plaintiff was not entitled to recover for his services in the Supreme Judicial Court as he was not authorized so to do by the conservator. I find as a fact on all of the evidence that Elizabeth C. Quinlan authorized the plaintiff to do all of the services set forth up to the time a conservator was appointed and I therefore find for the plaintiff in the sum of $700."

The action was reported to the Appellate Division for the Southern District, and the report was ordered dismissed. The defendant appealed.

*L. Curtis, 2d,* for the defendant.

*Sidney Rosenberg,* for the plaintiff.

WAIT, J. This is an action on an account annexed for professional services rendered in a will contest. The trial judge, on contradictory evidence, found that the plaintiff rendered valuable service to the defendant in the trial, expecting to be paid by her a reasonable compensation for so doing; that the defendant, knowing the service was being rendered to her in such expectation, accepted and permitted it; and that, during part of the period in which the services for which compensation was sought were rendered, the defendant was competent to contract. He found for the plaintiff, and gave as damages reasonable compensation for the services performed while the defendant was competent to contract.

In this there is no error of law. *Lowe* v. *Pimental,* 115 Mass. 44. *Sawyer* v. *Pawners' Bank,* 6 Allen, 207, 209. The requests of the defendant were dealt with properly in view of the findings of fact. The judge was not bound to find action through an agent, nor to give rulings applicable to a relation of agency. The plaintiff had no standing for application to the Probate Court for an order for compensation. *Conley* v. *Fenelon,* 266 Mass. 340. The plaintiff's testimony with regard to a contract with the defendant, if disproved, did not preclude the finding actually made and prevent recovery. The defendant has no proper ground of complaint that she was not prepared for the finding made. It was implicit in the evidence before the court. She had

opportunity to meet it. The form and time of entry of appearance was immaterial.

The order of the Appellate Division dismissing the report was correct and is

*Affirmed.*