ERNEST TURNER *vs.* ALLAN BUTTRICK, administrator.

Worcester.    May 21, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, What constitutes, Implied. *Parent and Child. Limitations, Statute of.*

At the trial of an action, commenced in 1928 by a son against the administrator of the estate of his father for $24,000 for services rendered between 1907 and 1927, where the declaration contained counts upon an express contract and also counts upon an implied contract, there was evidence of an express contract and also of an implied contract; of the father's statement, when the son requested definite payments of wages, that he was saving for the son all wages due beyond amounts delivered to him or paid out for him and his household; of another statement of the father that he was his son's insurance; of payments of various amounts to the son; of the giving to the son in 1926 of a deed of the father's shop and homestead premises worth $3,500, and of a savings bank book, opened with a deposit

of $500 in the father's name as trustee for the son in 1890, closing with one in 1925, and amounting to over $2,600; and of the delivery of the deed and bank book as part payments of the wages withheld. Motions by the defendant that a general verdict and a verdict on each count be ordered for him were denied. There was a general verdict for the plaintiff in the sum of $4,937. *Held,* that

(1) On the evidence, the question as to liability on each count was for the jury;

(2) On the evidence, the question, whether payments by the father made the statute of limitations inapplicable, was for the jury.

CONTRACT. Writ dated May 29, 1928.

In the Superior Court, the action was tried before *Brown,* J. Material evidence is stated in the opinion. The record did not include any reference to the charge to the jury. Motions by the defendant that a general verdict and a verdict on each count of the declaration be ordered in his favor were denied. There was a verdict for the plaintiff in the sum of $4,937, and the judge reported the action for determination by this court on the terms stated in the opinion.

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the defendant.

*F. P. Ryan, A. Fielding & L. W. Higgins,* for the plaintiff.

WAIT, J. This case comes to us, after verdict for the plaintiff in the Superior Court, by agreement of parties, upon a report with the stipulation: "If the court erred in submitting the case to the jury on the pleadings and the evidence, judgment is to be entered for the defendant, otherwise judgment is to be entered on the verdict."

The plaintiff sued the administrator of his father's estate for services rendered the father from June, 1907, until the father's death in 1927. The declaration was in four counts, alleged to be for the same cause of action. The answer pleaded a general denial, payment, and the statute of limitations. The first count in substance set out that the father, long engaged in carrying on business as a blacksmith, in 1907 engaged the plaintiff, who with his mother and sisters was then living with the father, to work around and in the blacksmith shop for him; that the plaintiff

served his time as apprentice under his father and continued to work for him at his place of business from about June 6, 1907, until the father's death on June 6, 1927, with the understanding that he should be compensated for his labor and services as blacksmith; and that the father was indebted to him in approximately $24,000. The second count alleged employment about June 6, 1907, to render services and perform labor as a blacksmith's helper and blacksmith; that it was understood and agreed that he should receive pay and compensation, and the father agreed to save his weekly wages for him; that he performed the services and labor between the dates set out and is entitled to approximately $24,000, and that the father's estate is indebted for that amount "for money collected, money had and received for his benefit and his use." The third count alleged the employment, the rendering of services; that "it was understood and agreed that the plaintiff would be reasonably and properly compensated for his service rendered and the labor performed by him," and that the estate is now indebted for a reasonable sum therefor. The fourth count alleged the employment, the rendering of service, and claims approximately $24,000 "for work done and materials found by the plaintiff for the defendant."

Manifestly on one or more of the counts a recovery could be had on proof either of an express or an implied contract of employment; of performance of the express contract or of service rendered under an implied contract; of failure by the father to make the agreed payment called for by the express contract or reasonable compensation under an implied one; and of the value of the service. In addition, here, it was essential to show that the service was not merely the performance of a son's duty to a parent accepted by the parent without expectation of payment required; and, if recovery for more than six years' dues was sought, also to show that the bar of the statute of limitation of actions had been removed.

There was no dispute that the son born in 1888 had worked steadily in the blacksmith shop from 1907 to 1927 in the business carried on in the name of F. W. Turner till 1920,

and after as F. W. Turner & Son. There was evidence, to be believed or disbelieved, which if believed would support findings of an express contract of employment in 1909 at $25 a week; of an implied contract of employment at reasonable wages; of an employment at $16 per week in 1916; of the father's statement, when the son requested definite payments of wages, that he was saving for the son all wages due beyond amounts delivered to him or paid out for him and his household; of another statement of the father that he was his son's insurance; of payments of various amounts to the son; of the giving to the son in 1926 of a deed of the shop and homestead premises worth $3,500, and of a bank book in the Clinton Savings Bank, opened with a deposit of $500 in the father's name as trustee for the son, April 11, 1890, closing with one on October 15, 1925, and amounting to $2,657.77; of the delivery of deed and bank book as part payments of the wages withheld. The evidence need not be stated in detail. It showed fully the relations of father and son during the father's life. No one, we think, could tell what parts of it the jury would believe or discredit. There was nothing which, as matter of law, required the jury to find facts which would entitle either party to a verdict. If certain facts were found, then, under proper instructions, the defendant would be entitled to a verdict. If others, then the plaintiff was entitled to the verdict. If there was an express contract the plaintiff could not recover on certain counts seeking recovery on a *quantum meruit*. *Greene* v. *Boston Safe Deposit & Trust Co.* 255 Mass. 519, 523. If no express contract was ever made, then recovery was possible on any or all of the counts if the services were rendered and accepted in the expectation of payment. *Patron* v. *Quinlan*, 271 Mass. 339. The second count we interpret as a claim for the compensation found to be due, if there were savings held by the father to be applied in payment. If the father made payments in 1926 on an indebtedness which he recognized as extending from 1907, then, although there was no mutual and open account between them, *Parker* v. *Schwartz*, 136 Mass. 30, the payment would avoid the bar of the

statute of limitations. *Day* v. *Mayo*, 154 Mass. 472. *Kennedy* v. *Drake*, 225 Mass. 303.

It was not for the trial judge to decide the questions of fact which determined whether recovery was precluded on any count. He was right in refusing to direct a verdict on any or all of them in advance of findings by the jury. In accord with the terms of the report, our order must be

*Judgment for the plaintiff on the verdict.*