JOSEPH M. TOWER *vs.* EDWIN C. JENNEY, executor.

Suffolk. January 6, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Limitations, Statute of. Contract,* What constitutes, Implied. *Evidence,* Presumptions and burden of proof.

Upon evidence, at the trial of an action begun in 1928 against the executor of the will of the plaintiff's stepfather for services rendered to the stepfather after the plaintiff came of age in 1906 and until the stepfather's death in 1926, that the services were requested by the

stepfather and were rendered during the entire period, that the plaintiff expected to receive payment for them and that the stepfather undertook to pay for them either at his death or on some future occasion to be determined by him, it could not properly be ruled as a matter of law that the statute of limitations began to run against the plaintiff until a definite breach by the stepfather of his undertaking, which in the circumstances could have been found not to have occurred until his death and his absolute failure to provide for the plaintiff by will or otherwise.

The presumption of fact, that services rendered by one to another who stands in the relation of parent toward him are gratuitous, may be rebutted.

While the burden of proving facts to refute such a presumption rests upon the claimant for compensation, that burden may be sustained without proof of an express promise to pay: evidence that the recipient of the service, knowing that the doer expected compensation and rendered the service in reliance upon that expectation, accepted it intending to make compensation or to induce the belief that he so intended, may be found to be sufficient.

A finding for the plaintiff in the action above described was warranted on evidence that after he came of age he did work upon and about the stepfather's buildings, attended to tax sale matters for him other than in the mere execution of deeds which the plaintiff was required to execute, and collected rents for him, all in reliance upon a belief that he was to be paid at some future time by the stepfather, which belief was known and acted upon by the stepfather and justified by his words and conduct.

CONTRACT. Writ dated September 4, 1928.

In the Superior Court, the action was tried before *Donnelly*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $8,835.84, which was recorded with leave reserved under G. L. c. 231, § 120; and thereafter the judge ordered the entry of a verdict for the defendant and reported the action for determination by this court upon the terms stated in the opinion.

*F. P. Garland*, for the plaintiff.

*A. W. Rockwood*, for the defendant.

WAIT, J. The plaintiff in this action seeks to recover for services rendered to his stepfather from about January 1, 1900, to the death of the stepfather on May 11, 1926. The declaration alleged that he had never been paid for services fairly worth $25,000 rendered at the stepfather's request and promise to compensate him upon which he had

relied. The answer set up a general denial and the statute of limitations. At the trial the jury found for the plaintiff; but the judge, under leave reserved pursuant to G. L. c. 231, § 120, upon motion of the defendant, later, directed the entry of a verdict for the defendant and reported the case, with the stipulation that, if he was right, judgment should be entered for the defendant, otherwise judgment to be entered for the plaintiff in the amount found by the jury with interest from the date of their verdict.

There was evidence in part as follows: The plaintiff was born in November of 1885. When he was about seven years of age his mother married the defendant's testator, her second husband. The boy remained with his step-father and his mother, as one of the family, treating and regarding the testator as his father. At the stepfather's direction and request, he performed many services for him, and before coming of age worked upon buildings for him, drove him about from place to place in connection with his affairs, and, for a time, worked with him for the Magee Furnace Company, the stepfather receiving and keeping his wages. The stepfather became interested in acquiring tax titles, and took some of them in the name of the plaintiff. The plaintiff sought out lots and with the stepfather attended sales of tax titles. Between 1900 and 1906, when he came of age, the stepfather, at different times, said, "you continue on with me, and I will take care of you later along in life." He was given clothes and some money when he asked for it. Shortly after leaving school, about 1900, he started to work for some one else but his step-father stopped him saying he needed the stepson's work. About 1914 the plaintiff began in the flower business for himself, but continued to purchase materials for the step-father, to attend tax sales with him and take titles for him, and to collect rents for him from buildings owned by him. In 1917 he married and left the house of his mother and stepfather. The latter often told him how he appreciated his work, that in the long run it would be a benefit to him, that he would take care of him in money. At one time he spoke of $50,000 as what he would do for

him, and spoke of caring for him in a will. After 1917 the plaintiff continued to attend to tax sale business, signing papers sent to him by the stepfather. There was evidence of statements made to the witnesses by the stepfather which recognized the services rendered him by the plaintiff, declaring an intention to recompense him and stating that he had told him that he was going to provide for him.

At the trial the plaintiff renounced any claim for services rendered before he came of age. If, however, this testimony were believed it would sustain findings that services were rendered by the plaintiff after 1906 in the expectation of receiving payment for them which were accepted with knowledge of that expectation by the stepfather and with an undertaking on the part of the latter to pay for them either at his death or on some future occasion to be determined by him. In such circumstances the statute of limitations would not begin to run against the plaintiff until a definite breach by the stepfather. *Raine* v. *Shea*, 259 Mass. 412. *Morrissey* v. *Morrissey*, 180 Mass. 480. That breach, it could be found, did not occur until his death and his absolute failure to provide by will or otherwise for the stepson. It could not properly be ruled, as matter of law, that recovery was barred by the statute of limitations. The case is utterly unlike *Graham* v. *Stanton*, 177 Mass. 321, cited by the defendant.

Although the law assumes that services rendered by one to another who stands in the relation of parent toward him are gratuitous, see *Guild* v. *Guild*, 15 Pick. 129, *Livingston* v. *Hammond*, 162 Mass. 375, *Kirchgassner* v. *Rodick*, 170 Mass. 543, it is settled that this presumption may be rebutted. *French* v. *Bray*, 263 Mass. 121. *Sherry* v. *Littlefield*, 232 Mass. 220. *McKenna* v. *Twombly*, 206 Mass. 62. The burden of proof rests upon the one asserting the claim to compensation. *Johnson* v. *Kimball*, 172 Mass. 398. An express promise to pay is not essential. The burden may be sustained by evidence that the recipient of the service, knowing that the doer expects compensation and renders the service in reliance upon that expectation, accepted it intending to make compensation or to induce the belief

that he so intends. *Turner* v. *Buttrick*, 272 Mass. 261. *French* v. *Bray*, 263 Mass. 121. *Patron* v. *Quinlan*, 271 Mass. 339. Here it was for the jury to determine, under proper directions, whether a contractual relation existed which would support recovery. There was evidence, not here recited, which well might justify findings for the defendant, but we find nothing binding upon the plaintiff which, as matter of law, required a decision against him. The execution by him of deeds passing tax titles held by him in trust for the stepfather would not sustain a verdict in his favor. Such an act in performance of a legal duty would not be a consideration for a promise. *Keown & McEvoy, Inc.* v. *Verlin*, 253 Mass. 374, 377. The performance of service with a desire to assist the mother and out of a feeling of duty toward one who had acted as a father and, although a stepparent, stood in that relation, would not, of itself, support recovery. *Kirchgassner* v. *Rodick*, 170 Mass. 543. But it cannot properly be ruled that there was no evidence that after he came of age he did work upon and about the stepfather's buildings, attended to tax sale matters for him other than in the mere execution of deeds, and collected rents for him, all in reliance upon a belief that he was to be paid at some future time by the stepfather — a belief known and acted upon by the latter and justified by his words and conduct. He was entitled to have the jury pass upon the evidence. The direction of a verdict for the defendant was error.

It follows that pursuant to the stipulation of the report our order must be

> *Judgment for the plaintiff in the amount of the verdict with interest from October 27, 1931.*