MICHAEL M. WALSH *vs.* JOHN J. WALSH & Co., INC.

Suffolk.    May 17, 1937. — June 29, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Contract*, Implied, Of employment.

On evidence that one for over a year and a half performed services as manager of a corporation of which his wife was the treasurer and principal owner, and never asked for compensation during that period, the question whether his services were gratuitous or were to be paid for at their fair value was for the jury.

No error appeared in the refusal, at the trial of an action of contract for personal services, of a request for a ruling in substance that the plaintiff could not recover although he proved an implied contract to pay him for valuable services rendered if he committed certain acts which might have been found not inconsistent with proper performance.

CONTRACT.    Writ in the Superior Court dated September 4, 1935.

The action was tried before *F. T. Hammond*, J.    There was a verdict for the plaintiff in the sum of $1,217.    The defendant alleged exceptions.

*J. E. Hannigan*, (*P. A. Goldstein* with him,) for the defendant.

*W. J. Barry*, for the plaintiff.

CROSBY, J.  This is an action of contract to recover for personal services as manager of the defendant corporation at $60 per week from January 21, 1934, to September 2, 1935, amounting to $4,765.71.  The bill of exceptions contains all the evidence material to the questions presented.

The plaintiff testified that in December, 1933, he and his wife became interested in organizing a corporation to conduct a tavern in Boston, and the corporation was organized; that his wife owned twenty shares of the capital stock; that one share which belonged to his wife was put in the name of another person for convenience; that his wife was the treasurer of the corporation, and was also a director; that one Margaret MacKenzie, a friend of himself and of his wife, invested $1,000 and owned ten shares of stock; that he was not an officer of the corporation; that the company referred to was the defendant; that beginning February 21, 1934, the company having obtained a lease of a store in Boston, and a license, he opened the tavern every morning at 6:30 A.M. and got everything ready for the day; that he was there alone from 6:30 until 8 o'clock in the morning; that his wife also worked in the tavern; that she arrived about 11:30 in the morning every day and worked there until about 4:30 in the afternoon, when she went home; that he would leave the tavern about noon, and would return about 4 in the afternoon and work until about 6 in the afternoon; that he waited on customers, hired help and ordered liquors and beer; and that cards were printed and distributed by the treasurer bearing his name as manager of the business.  He testified on cross-examination that he had no previous experience as a bar tender or in managing a tavern; that during all the time he worked in the tavern he was living at home with his wife; that he never asked for any wages or salary; that every night for twenty-one months, excluding Sundays and times when he was sick, he brought home the receipts and turned them over to his wife and never suggested that he should be paid or expected to be paid; that he did the work in the tavern in order to help his wife to make a success of the business; and that it was her business and he was glad she

had it.  The plaintiff's wife testified that she was treasurer of the defendant corporation; that her husband took $900 from the business while he was there; that as treasurer she did not object to her husband taking money from the cash register for his personal use "if the amounts taken were recorded on the tape"; that he never made a claim upon her for wages or compensation; that she had no intention of paying him compensation; that "They were working together as they always did.  She provided him with everything he needed."  There was other evidence which need not be recited in detail.

At the close of the evidence the defendant filed a motion for a directed verdict, which was denied subject to its exception.  The defendant also presented eight requests for instructions to the jury; all of them were granted except the eighth, which was denied subject to the defendant's exception.  This request was as follows: "The plaintiff cannot recover even if he proves an implied contract and that he rendered valuable services thereunder if the jury finds that he assaulted the treasurer, or took money from the cash register without authority or consent of the treasurer, or sold liquor in the tavern before eight o'clock in the morning, or took away liquor belonging to the defendant corporation, or was guilty of immorality to the knowledge of the treasurer, who was his wife.  The burden of proving that he did not do these things, if evidence shows that he did, is on the plaintiff."

There was evidence sufficient to warrant a finding that the plaintiff performed services for the corporation with the knowledge and consent of its officers for which he was entitled to receive reasonable compensation.  "The law implies a promise to pay for the reasonable value of benefits received, only when there is no evidence that they were conferred upon other grounds than that of contract." *Spring* v. *Hulett*, 104 Mass. 591, 592.  "Where services are performed for another or other benefits are received by him with his knowledge, and there is no evidence that such benefits were conferred gratuitously, the law implies a promise to pay for their reasonable value." *Evers* v. *Gilfoil*, 247

Mass. 219, 223. *Nickerson* v. *Spindell*, 164 Mass. 25, 27, 28. Whether the services performed by the plaintiff were gratuitous was a question of fact for the jury. *Hawkes* v. *First National Bank of Greenfield*, 261 Mass. 109, 110.

The defendant's eighth request was rightly denied. If it could be found from the evidence that the plaintiff was "guilty of immorality," there is no evidence that it was of such a nature as to render him unfit to perform his duties, or prevent him from recovering for the value of services rendered. *Child* v. *Boyd & Corey Boot & Shoe Manuf. Co.* 175 Mass. 493, 495, 496.

*Exceptions overruled.*