Hibbard, P. J.
The plaintiff seeks to recover from her sister in her capacity as executrix the sum of Three hundred seventy-five ($375) dollars on an account annexed for services rendered their mother, Celina Villiard. The answer was a general denial. The Trial Judge made the following findings of fact :
“The defendant’s testatrix was taken ill August 9, 1939. She was suffering from cancer. Five daughters and a daughter-in-law cared for her. Four of them for various and good reasons ceased assisting her leaving only the plaintiff and the defendant (both daughters) *425 to take care of her. A daughter, Mrs. MeNiel, had quit just previous to October 9, 1939. She was the last of the four to quit. At this time the mother was worried from fear that Mrs. Sicotte, the plaintiff, would cease caring for her. The mother then talked with the plaintiff and asked her ‘not to quit, that she would not be sorry, that she would be paid for what she did.’ The plaintiff continued her care of her mother until her death March 24,1940, relying upon this promise. During this period the plaintiff and defendant took turns caring for the mother, each remaining on duty twenty-four hours. During this period the plaintiff was away at one time four or five days and at another time one day. On November 2, 1939, the mother made a will in which she made the defendant executrix, substantially favoring her in the will, leaving the plaintiff and her other sisters fifty dollars each.”
In the report following this finding appears the following:
“In addition to the above facts found, there was evidence by the defendant, another witness and the plaintiff that the plaintiff, as late as the first week of January, 1940, stated that her mother had given her the example by taking care of her mother during her last illness and she was doing the same thing toward her own mother. There was evidence that the plaintiff’s mother had rendered this care without pay and this was within the knowledge of the plaintiff.”
The will of the deceased Celina Villiard was introduced and is fully set forth in the report.
The defendant seasonably filed two requests for rulings, the first three sub-sections captioned A, B and C, and of the following tenor :
“1. On all the evidence the plaintiff cannot recover because:
*426 A. There is no evidence that the plaintiff undertook to render the services in the first place with any expectation of pay.
B. There is no evidence that the plaintiff, at any time, expect a pay for the services rendered.
C. The defendant because of her position did not expect to pay for the services rendered.”
This requested ruling the Trial Judge denied.
The Court took no action on the defendant’s second request, erroneously captioned four, and of the following tenor:
. “4. The expectancy of pay for services rendered must exist at the time the services were rendered prior to and at the time the services were rendered.”
Although not so stated in the report, the finding was for the plaintiff in the sum of $345 as appears in the copy of the docket entries.
Had the Trial Judge given the second (fourth) requested ruling and limited his finding of facts to “the mother . . '. talked with the plaintiff and asked her not to quit, that she would not be sorry, that she would be paid for what she did,” there would be no question for this tribunal. When however the Trial Judge failed to give the requested ruling thereby in effect declining to so rule and added the wholly extraneous statement “On November 2, 1939 the mother made a will in which she made the defendant executrix substantially favoring her in the will leaving the plaintiff and her other sisters fifty dollars each” and supplemented this by stating “In addition to the above facts found there was evidence by the defendant, another witness and the plaintiff that the plaintiff as late as the first week in January *427 1940 stated that her mother had given her the example by taking care of her mother during her last illness and she was doing the same thing toward her mother. There was evidence that the plaintiff’s mother had rendered this care without pay and this was within the knowledge of the plaintiff” we find a confusing situation. If it were clear that the Trial Judge had intended to find either an express or implied contract there was evidence to justify such finding. We do not feel we can regard the reference to the will as mere surplusage. Rather it seems to us the only reason for its inclusion is that in the mind of the Trial Judge there was a feeling the defendant had received favored treatment by the terms of the will. It may be the remark was intended to justify the finding or soften the force of the decision. When to the confusion thus created there was added a denial of the requested ruling which though inaptly phrased called the attention of the Court to an important principle of law upon which he should have passed (Tower v. Jenney, 279 Mass. 208, at 211, 212), whether the finding was of express or implied contract, the result is merely to add to the confusion. It may be the Trial Judge followed correct principles of law in reaching his conclusion but we cannot be sure of that fact and therefore must hold the defendant is entitled to a new trial. Prejudicial error is found and the case is to stand for a new trial.